IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40332
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARCOS GONZALEZ,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-B-94-95-1
- - - - - - - - - -
December 21, 1995
Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Marcos Gonzalez appeals his convictions for possession with intent to distribute approximately 576 kilograms of cocaine and attempting to conduct a financial transaction with the proceeds of an unlawful activity.  He argues that the district court abused its discretion in denying his motion for a continuance and that his conviction violates the Double-Jeopardy Clause because of a civil forfeiture of real property prior to his trial.

---

[*]        Local Rule 47.5.1 provides:  "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

We have reviewed Gonzalez's contentions and the record, and we find no reversible error as to the district court's denial of the motion for a continuance. Gonzalez did not raise the double-jeopardy issue in the court below. A double-jeopardy defense to prosecution must be raised prior to trial, or it is waived. See United States v. Moore, 958 F.2d 646, 650 (5th Cir. 1992) citing FED. R. CRIM. P. 12(b), (f). Assuming, *arguendo*, that Gonzalez had standing to raise the double-jeopardy defense, he waived the issue by not raising it in the district court.

AFFIRMED.